IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PAUL BOOKWALTER, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-15-1291 |
| vs. : | |
| : | (Judge Caldwell) |
| WARDEN KEEN, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

On June 23, 2015, Joseph Paul Bookwalter, an inmate at the York County Prison, in York, Pennsylvania, filed the present civil rights action concerning events that transpired during his incarceration at the Franklin County Prison (FCP), in Chambersburg, Pennsylvania. Bookwalter claimed, *inter alia*, he was assaulted in 2013 after alerting prison officials that two female officers were having sex with inmates and bringing contraband into the institution. (Doc. 1, Compl.) The court recently screened the complaint, dismissing some of the claims and defendants, and directing Bookwalter to file an amended complaint.

We are considering Plaintiff's motion for appointment of counsel based on his indigent status and lack of legal training. (Doc. 7).

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent

plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel."  (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party.  These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue

investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

This case has just started.  As noted above, the court has only recently screened Bookwalter's complaint and directed he file an amended complaint.  Bookwalter has yet to file his amended complaint.  Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  Bookwalter's Complaint, and other correspondence to the court, thus far have been clearly worded and present logical concise arguments.  To the extent that Bookwalter's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  There is no evidence, at this early point in the litigation, that any prejudice will befall Buckwalter in the absence of court-

appointed counsel.  Consequently, at this time Bookwalter's request for counsel will be denied.

        An appropriate order follows.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date:  October 19, 2015