IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PAUL BOOKWALTER, :<br>:<br>Plaintiff :<br>:<br>vs. :<br>:<br>WARDEN KEEN, *et al.*, :<br>:<br>Defendants : | CIVIL NO. 1:CV-15-1291<br><br>(Judge Caldwell) |

*M E M O R A N D U M*

I. *Introduction*

On June 23, 2015, Joseph Paul Bookwalter, an inmate at the York County Prison, in York, Pennsylvania, filed the present civil rights action concerning events that transpired during his incarceration at the Franklin County Prison (FCP), in Chambersburg, Pennsylvania. Bookwalter claims to be suing thirty-six defendants for events that occurred in 2013 and 2015. The defendants were either employed by FCP, or by Prime Care (the contract medical care provider at FCP), or were FCP inmates. (Doc. 1, Compl.)

The Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Upon screening the Complaint, the court will grant Bookwalter's motion to proceed *in forma pauperis* and allow him to file an amended complaint only with respect to his "2013 claims." Because Bookwalter admits he was in the process of grieving his "2015 claims," when he filed his Complaint, those claims will be dismissed without prejudice to Bookwalter's filing a separate action after he

has exhausted his administrative remedies on those claims. His claims against fellow inmates will be dismissed with prejudice as they are not amendable to suit pursuant to 42 U.S.C. § 1983.

II.     *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The

court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'" *W. Run Student Hous. Assocs., LLC. v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Legal conclusions are "not entitled to the assumption of truth." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.    *Background*

Due to Bookwalther's failure to skip lines in between his text, it is difficult, if not impossible, to discern all of the intended defendants, or the claims against them. Nonetheless, the court will attempt to define his claims.

Bookwalter alleges that between November 16, 2013, and December 23, 2013, "all the above defendants except for the ones not labeled with the 2013 year" worked at FCP when he was violently assaulted by another inmate after reporting correctional officers (CO Ray and CO Watson) were having sex with inmates (inmates Santiago and Hubert) and smuggling contraband into the facility. (Doc. 1, ECF p. 3).) Corrections Treatment Specialist Edwards is alleged to have "leaked" Bookwalter's report of these events back to the block. As a result, inmates Santiago and Hubert paid inmate Colin Ray to assault him. (*Id.*) Bookwalter names "all any other C.O.'s who were employed [at FCP] during 2013 who in some way verbally or retaliated towards [him] and administration staff till [his] last stay there 6/16/2025." (*Id.*) He claims prison staff covered up these events and took weeks to contact the Pennsylvania State Police about his assault. He claims he was punished for reporting these events. (*Id.*)

He also names "Prime Care Medical Staff" who worked at the facility between November 2 through December 23, 2013, and May 12 through June 2015. (*Id.*) He claims he was not properly treated following the assault. He also claims he was not properly assessed by the medical staff during his 2015 admission when he was brought in beaten and bloody by the Pennsylvania State Police. (*Id.*) He also claims a violation

-4-

of the "Hippa Laws" after medical staff "blurted out" his medical condition in front of other inmates. (*Id.*, ECF p. 4).

As relief, Bookwalter seeks the forced retirement of all those involved, denial of their pensions, a written apology. He wants "the staff of Prime Care Medical all to face criminal charges" for their malpractice. He also seeks a copy of his FCP medical record from 2011 to the present. (*Id.*) He also seeks his prison bill "wiped clean," and his criminal fines and costs "paid in full." He also seeks compensatory and punitive damages for his physical and emotional pain and suffering. (*Id.*)

IV.  *Discussion*

   A.  *Bookwalter's Admitted Failure to Exhaust his "2015 Claims"*

Under the Prison Litigation Reform Act of 1996 (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002). There is no "futility" exception to the administrative exhaustion requirement. *Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002)(citing *Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000)). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in the procedural default of a claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Dismissal of an inmate's claim is appropriate when the prisoner has failed to exhaust his available administrative remedies before bringing a civil-rights

action.  *Oriakhi v. United States*, 165 F. App'x 991, 993  (3d Cir. 2006)(nonprecedential) (citing *Ahmed*, 297 F.3d at 209 & n. 9) ("Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court.") Furthermore, the filing of an amended complaint after an unexhausted claim is presented to the court does not cure the infirmity.  *See Ahmed*, 297 F.3d at 209 (holding that "[w]hatever the parameters of 'substantial compliance' referred to there, it does not encompass a second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed.  It follows that Ahmed cannot cure the defect in his action by the proffered amendment of the complaint.") Finally, the PLRA exhaustion requirement does not apply to prisoners who file a timely complaint after release from prison, but does apply to prisoners who file a complaint while in prison and are subsequently released.  *Id.*, 297 F.3d at 210.

Although the failure to exhaust administrative remedies is generally an affirmative defense to be pled by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complaint, or any portion thereof, which facially violates a bar to suit.[1]  *See Ray v. Kertes*, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (citing *Booth v. Churner*, 206 F.3d 289, 293 n. 2 (3d Cir. 2000) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process."))

---

[1] As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint.  *See McPherson v. United States*, 392 F. App'x 938, 942-43 (3d Cir. 2010) (stating *sua sponte* dismissal is appropriate when affirmative defense is clear from the face of the complaint.)

Here, Bookwalter concedes that there is an administrative grievance procedure available with respect to his 2015 claims, and that he was in the process of completing that process when he filed his Complaint. Because it is apparent from the face of the complaint that Bookwalter is barred from pursuing federal relief relative to his 2015 claims, they will be dismissed pursuant to 42 U.S.C. § 1997e(a). This dismissal is without prejudice to Bookwalter's filing a separate action upon the completion of the grievance process concerning his 2015 claims.

B. *Bookwalter Fails to State a Claim Against Inmates Hubert, Ray and Santiago*

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).

Bookwalter claims inmates Hubert and Santiago paid inmate Ray to assault him in retaliation for his disclosure of their sexual relationships with two female officers. Inmates do not act "under color of state law," and thus are not subject to suit under Section 1983. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (inmates are not state actors). Accordingly, Hubert, Santiago and inmate Ray are dismissed as defendants. Bookwalter will not be permitted to file civil-rights claims against these defendants, as any effort to do so would be futile.

### C.  *Bookwalter Must File an Amended Complaint*

As claims related to Bookwalter's ill-defined 2015 claims are dismissed, without prejudice, due to his admitted failure to exhaust his administrative remedies prior to filing his Complaint, all defendants associated with this claim are also dismissed from this action.  For the sake of clarity, the court will direct Bookwalter to file an amended complaint setting forth his claims related to the 2013 assault.

Bookwalter is advised that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Bookwalter is cautioned that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Bookwalter is also warned that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He must also specify the relief he seeks with regard to each claim.  Bookwalter's

failure to file an appropriate amended complaint within the required time set by the court will result in the court proceeding only on the first discernable 2013 claim presented in the original complaint, and against only those defendants definitively identifiable and associated with that claim.  Bookwalter is also cautioned that illegible submissions will be returned to him without consideration.  He is also cautioned to double space his text which will facilitate the court's ability to read it.

        An appropriate order follows.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date:  October 19, 2015