IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH PAUL BOOKWALTER, :
:
    Plaintiff :
: CIVIL NO. 1:CV-15-1291
   vs. :
: (Judge Caldwell)
WARDEN KEEN, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.   *Introduction*

      The pro se plaintiff, Joseph Bookwalter, has filed a letter-request to withdraw his Complaint and to relieve him from the obligation of paying the $350 filing fee in this matter. (Doc. 15). Bookwalter's letter will be construed as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).[1]

      The court will defer ruling on that motion until Bookwalter notifies the court if he still wants to dismiss the action in light of the court's inability to relieve him from having to pay the filing fee.

II.   *Background*

      Plaintiff, an inmate at the state correctional institution in Camp Hill, Pennsylvania, but formerly confined at the Franklin County Prison, in Chambersburg, Pennsylvania, filed this civil-rights action about matters that happened at the latter prison.

---

[1] A plaintiff may voluntarily dismiss an action without a court order prior to the defendants serving an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Shortly after filing his Complaint, he filed a motion to proceed in forma pauperis, (Doc. 5), which was granted.  In connection with that motion, he filed an Authorization form on July 13, 2015, allowing prison officials to deduct the requisite filing fee from his prison account in installments when funds were available.  (Doc. 6).

On October 19, 2015, the court screened Bookwalter's Complaint pursuant to 28 U.S.C. § 1915.  We dismissed some claims against several defendants and granted Bookwalter leave to file an amended complaint.  We also gave him the option of proceeding only on the claims that survived our preliminary screening.  (Doc. 12).  To date Bookwalter has not filed an amended complaint, and defendants have not been served with any pleading.  Nor has Plaintiff made any payments on the filing fee.

On November 10, 2015, Bookwalter filed his letter-motion requesting to withdraw his action and "not to be charged the associated $350.00 fee nor the 20% to be deducted from [his] inmate account".  (Doc. 15, ECF p. 2).  He wishes to withdraw this action due to his inability to afford the filing fee, inability to secure his necessary medical and other records from the Franklin County Prison, lack of understanding of the rules of civil procedure, limited access to the law library, and his "current legal situation" of litigating multiple actions simultaneously which he cannot "handle all 3 cases by [him]self, nor prepare for them."  (*Id.*, ECF pp. 1-2).  He asserts that he sent a letter to the court on September 16, 2015, before we screened the complaint, requesting the same relief.

III.   *Discussion*

A prisoner proceeding *in forma pauperis* under 28 U.S.C. § 1915 is statutorily required to pay the filing fee if he brings a civil action.  As 28 U.S.C. § 1915(b)(1)) reads: "[i]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  See also *Porter v. Dept. of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009)(quoting section 1915(b)(1)).  The court thus has no authority to waive an inmate's not-yet-paid filing fees or refund any portion of filing fees once he has brought the action.  *Id.*  As the Third Circuit stated in regard to the filing fees for an appeal: "It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits — appellants are not entitled to the return of their filing and docket fees."  *Id.* at 179.  *See also* In re Saunders, 563 F. App'x 165, 165 (3d Cir. 2014)(nonprecedential); *Williams v. U.S. Dist. Court for District of Newark*, 455 F. App'x 142, 144 (3d Cir. 2011)(nonprecedential).  The purpose of the fee requirements is to provide an incentive "to 'stop and think' before filing suit."  *Muhammad v. U.S. Marshals Serv.*, 385 F. App'x 70, 73 (3d Cir. 2010)(nonprecedential)(quoting *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998)).  The court is thus unable to relieve Bookwalter of his obligation to pay the filing fee.

The court will not act at this time on Plaintiff's motion to voluntarily dismiss this action without prejudice.  Bookwalter shall notify the court: (1) if he wants to withdraw his Complaint even though he must still pay the filing fee; or (2) if he wants to proceed

with the action.  If Bookwalter fails to advise the court which option he wishes to pursue, the court will proceed with this matter as indicated in our Order of October 19, 2015. *See* Doc. 12.

        An appropriate order follows.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date:  November 19, 2015