IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PAUL BOOKWALTER,<br><br>    Plaintiff<br><br>    vs.<br><br>WARDEN KEEN, *et al.*,<br><br>    Defendants | CIVIL NO. 1:CV-15-1291<br><br>(Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

The sole remaining defendant in this action, Counselor Edwards, an employee of the Franklin County Prison (the Prison), seeks dismissal of the pro se plaintiff, Joseph Bookwalter's, failure-to-protect claim against him, arguing that it is time-barred. (ECF No. 26, Mot. to Dismiss).

On March 6, 2017, we converted Counselor Edwards' motion to dismiss to a motion for summary judgment because Counselor Edwards' motion relied on documents outside of the complaint. (ECF No. 28, Order). Bookwalter was given twenty-one days to file an opposition to Counselor Edwards' motion for summary judgment. To date, Bookwalter has failed to respond or otherwise oppose Counselor Edwards's potentially dispositive motion.

For the reasons that follow, the unopposed motion will be granted and the case dismissed.

II.     *Standard of Review*

Federal Rule of Civil Procedure 56 sets forth the standards and procedures for granting a motion for summary judgment.  Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law."  *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 2509 - 10, 91 L.Ed.2d 202 (1986).

A "material" fact is any fact that might affect the outcome of a suit under the governing substantive law.  *Gonzalez v. Sec'y of Dept. of Homeland Sec.,* 678 F.3d 254, 261 (3d Cir. 2012).  An issue of material fact is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the non-moving party's favor.  *Id.* at 248, 106 S.Ct. at 2510.

In reviewing a motion for summary judgment, the court must view all facts and draw all reasonable inferences "in the light most favorable to the party opposing the

-2-

motion." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)(internal quotation marks omitted).  To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact.  *Santini v. Fuentes*, 795 F.3d 410 (3d Cir. 2015) (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. 2553).  If this burden is met, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) (citation and internal quotation marks omitted).  Rather, the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial."  *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001)(citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  Failure to properly support or contest an assertion of fact may result in the court considering the fact undisputed for the purpose of the motion.  Fed. R. Civ. P. 56(e).

III.    *Statement of Facts*

From the pleadings, declarations and exhibits submitted therewith, the following facts are ascertained as undisputed or, where disputed, reflect Bookwalter's version of the facts, pursuant to this court's duty to view all facts and reasonable inferences in the light most favorable to the nonmoving party.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2510.

Between November 16 and December 23, 2013, Bookwalter was housed at the Franklin County Prison, in Chambersburg, Pennsylvania.  (ECF No. 1, Compl.)  In

November 2013, Bookwalter witnessed a female staff member having sex with a male inmate in the F-Block Janitor's closet. (*Id.*, p. 5). Bookwalter reported this event via an institutional request slip "which ended up getting into the hands of other inmates somehow when only counselors had availability to access to (sic) them." (*Id.*) Counselor Edwards was the "only person who had access to the request slip [Bookwalter] put in that leaked its way back to the block." (*Id.*, ¶ 22). Following this disclosure, Bookwalter was assaulted by another inmate. (*Id.*, ¶ 21). Bookwalter affirms that he exhausted all available administrative remedies concerning his 2013 assault claim. (*Id.*, p. 2).

On November 29, 2012, Bookwalter filed a grievance claiming that he was assaulted ("jumped") by another inmate after his request slip reporting staff fraternization with inmates was "leaked." (ECF No. 26-3, Inmate Grievance). Bookwalter was paroled from the Prison effective December 23, 2012. (ECF No. 26-4, Parole Order).

Bookwalter filed this action on June 25, 2015. (ECF No. 1, Compl., p. 6).

IV.   *Discussion*

There is no specific statute of limitations for actions filed pursuant to 42 U.S.C. § 1983. *Pearson v. Sec'y Dept. of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015). Rather, the United States Supreme Court has held that the statute of limitations for personal injury actions in the state where the cause of action arose is to be employed. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); *see also Estate of Lagano,* 769 F.3d at 859 - 60. As Pennsylvania has a two-year statute of limitations for personal injury actions, the statute of limitations applicable to claims brought under § 1983

in Pennsylvania is two years, subject to any state law tolling provisions which are not inconsistent with federal law. *See* 42 PA. CONS. STAT. § 5524(7) (2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Lake v. Arnold*, 232 F.3d 360, 368 - 69 (3d Cir. 2000).

The date when a § 1983 cause of action accrues is determined by federal law. Under federal law, a civil rights cause of action accrues, and the statute of limitations begins to run, "'when the plaintiff knew or should have known of the injury upon which [his] action is based.'" *Kach,* 589 F.3d at 634 (quoted cases omitted) (brackets added). A "cause of action accrues even though the full extent of the injury is not then known or predictable ... Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 392, 127 S.Ct. at 1097 (internal quotation marks and citations omitted).

The section 1983 statute of limitations is subject to tolling. First, the statute is tolled while an inmate plaintiff exhausts his administrative remedies. *See Pearson*, 775 F.3d at 603 ("[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies.") Second, the statute of limitations may be equitably tolled when the plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances.[1] *See Cunningham v. M & T*

---

[1] "[T]o benefit from the equitable tolling doctrine, plaintiffs have the burden of proving three necessary elements: (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006). "[T]here are few
(continued...)

*Bank Corp.*, No. 15-1412, 2016 WL 683373, at *2 (3d Cir. Feb. 26, 2016) (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2007)).  Finally, "[t]he 'discovery rule' tolls the limitations period where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence." *Brown v. Buck*, 614 F. App'x 590, 593 (3d Cir. 2015)(nonprecedential).

       Here, Bookwalter filed his action on June 25, 2015.  Accordingly, any claims accruing prior to June 25, 2013, are time-barred, unless tolled.  Bookwalter claims he was assaulted by another inmate after reporting that a female staff member was having sex with an inmate.  In his Complaint, he alleges this event occurred in November 2013 after Counselor Edwards improperly leaked the contents of his request slip to others.  However, Counselor Edwards has produced an undisputed copy of Bookwalter's grievance concerning this issue, which reveals that the events complained of took place in November 2012, not 2013.  A claim based on them would therefore be time-barred, unless tolled.

       We see no grounds for tolling.  We note that Bookwalter was paroled from the Prison effective December 23, 2012.  (ECF No. 26-4, Parole Order).  Thus we can conclude that any Prison administrative remedies terminated on that date as well.  At the latest then, Bookwalter had until December 23, 2014, to file his section 1983 claim against Counselor Edwards.  As Plaintiff's Complaint was filed on June 25, 2015, his failure-to-

---

[1](...continued)
facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." *Debiec v. Cabot Corp.*, 352 F.3d 117, 129 (3d Cir. 2003) (quotation omitted).

protect claim against Counselor Edwards is untimely.

        We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: April 3, 2017